[No. 10756. Department One. April 15, 1913.]

E. E. SIEGLEY, *as Executor etc.*, *Plaintiff*, v. HAMILTON ROSS SIMPSON, *Respondent*, RICHARD H. SIMPSON, *Appellant.*[1]

WILLS—CONSTRUCTION—IDENTITY OF LEGATEE—PAROL EVIDENCE—ADMISSIBILITY. Parol evidence is admissible to show that a legacy "unto my friend Richard H. Simpson" was intended for the testator's friend and associate H. R. Simpson, whose full name he did not know, and not for Richard H. Simpson, who was merely a casual acquaintance whom he had met but once in twenty years.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 29, 1912, upon findings in favor of a claimant, in an action by an executor to determine the identity of a beneficiary named in a will. Affirmed.

*Solon T. Williams*, for appellant.

*Dorr & Hadley*, for respondent.

[1]Reported in 131 Pac. 479.

Mount, J.—The question in this case is whether parol evidence is admissible in the construction of a will which devises "unto my friend Richard H. Simpson the sum of six thousand dollars," where the legacy is claimed by each of two persons, one named Richard H. Simpson, and the other Hamilton Ross Simpson. The facts are briefly as follows: M. J. Heney, a bachelor, died on October 11, 1910, in San Francisco, California, leaving an estate valued at between $750,000 and $1,000,000. Prior to his death, he made a will by which he left his estate to certain relatives and friends. The sixteenth clause thereof provided as follows:

"I give, devise and bequeath unto my friend Richard H. Simpson the sum of six thousand dollars, and I direct that my executors and trustees hereinafter named .pay the same to him as soon after my death as the condition of my estate in the discretion and judgment of my executors will permit."

Thereafter the will was duly probated in King county, in this state. Executors and trustees were appointed, and one Richard H. Simpson and one Hamilton Ross Simpson each claimed the legacy mentioned in the section of the will above quoted. The executor then filed a petition, asking the court to bring the said claimants in and determine the disputed claims. This was accordingly done under the statute. Each of the claimants appeared and set up his claim. The lower court thereupon heard evidence, and determined that Hamilton Ross Simpson was intended as the beneficiary under the will, and directed the executor to pay the legacy to him. Richard H. Simpson has appealed from that order.

He argues that parol evidence is not admissible to prove that the testator, when he used the name Richard H. Simpson, meant Hamilton Ross Simpson, when there is a Richard H. Simpson in existence who claims under the will.

"It is well settled that parol evidence is not admissible to add to, vary, or contradict the words of a written will, not only because the will itself is the best evidence of the testator's intention, but also because wills are required by the statute

of frauds to be in writing." 30 Am. & Eng. Ency. Law (2d ed.), p. 673.

"It may be stated generally that where the beneficiary under a will is not designated with precision, parol evidence is admissible to show who was intended. Thus, whence a latent ambiguity results from the fact that description of the legatee or devisee is perfectly answered by two or more persons, or is applicable in part to two or more persons, parol evidence to identify the person intended is admissible. But where there is no ambiguity, and the object of the testator's bounty is sufficiently designated by plain language, so that it is clear who was intended, the construction is for the court, and parol evidence is inadmissible, although it might be thereby shown that the testator's intention was entirely different from that expressed in the will." 30 Am. & Eng. Ency. Law (2d ed.), pp. 682-3.

"Where the language of a will is doubtful or ambiguous, parol or extrinsic evidence is admissible for the purpose of assisting the court in ascertaining its meaning. . . . Thus, where there are two things or persons both answering exactly to the thing or person described in the will, or where the person or thing does not answer precisely the description given, parol evidence may be received in order to ascertain which person or thing was intended; . . ." 40 Cyc. 1429-30.

"In cases of equivocation, as where the will or a provision thereof applies equally as well to two or more objects or persons, evidence of statements or declarations made the testator at the time of the execution or about the time of the execution of his will is admissible for the purpose of identifying the person; . . ." 40 Cyc. 1435.

Necessarily, extrinsic evidence is admissible to prove the identity of the beneficiary named in a will, especially when two or more persons are claiming to be beneficially named; not for the purpose of varying the terms of the will, but to determine the person meant by the testator. *Connolly v. Pardon*, 1 Paige's Ch. (N. Y.) 291; *Wilson v. Stevens*, 59 Kan. 771, 51 Pac. 903; *Collins v. Capps*, 235 Ill. 560, 85 N. E. 934, 126 Am. St. 232. In *Acton v. Lloyd*, 37 N. J. Eq. 5, the court, after hearing extrinsic evidence as to the identity

of the devisee, held that a bequest to Dicky Lloyd was intended for David S. Lloyd. In *Camoys v. Blundell,* 1 H. L. C. 778, 9 Eng. Rep. (Reprint) 969, the court after examining extrinsic evidence, concluded that Thomas Weld Blundell was entitled to a legacy by a will which named Edward Weld, his brother, as legatee. The court there said:

"For if it be clear, upon the due construction of the will with reference to the evidence of the state of the family as known to the testator, that the meaning of the testator as expressed by the will was that the person described, and not the person named, was to take, the description will prevail over the name."

In *Woman's Foreign Missionary Society v. Mitchell,* 93 Md. 199, 48 Atl. 737, 53 L. R. A. 711, the court said:

"It is the *identity* of the individual, natural or artificial, that is material, and not the *name*, for that is simply one of the numerous means by which the identity is ascertained. The *identity* being established, the *name* is of no importance."

In *Hockensmith v. Slusher,* 26 Mo. 237, the court said:

"The general rule is 'that parol evidence cannot be admitted to supply or contradict, enlarge or vary the words of a will, nor to explain the intention of the testator, except in two specified cases; 1st, where there is a latent ambiguity, arising *dehors* the will, as to the person or subject meant to be described, and 2d, to rebut a resulting trust.' "

See, also, *Reformed Presbyterian Church v. McMillan,* 31 Wash. 643, 72 Pac. 502.

In this case, if there had been two different persons by the name of Richard H. Simpson, and who in other respects answered the description in the will, and these two persons were claiming as legatees, clearly extrinsic evidence would be admissible to determine the identity of the person named in the will. For the same reason and upon the same principle, where there are two persons each claiming to be the beneficiary because they are each described in the will, the court must decide, from extrinsic evidence if need be, which is the person intended. And that is what was done in this case. The evi-

dence is plain that by the words "I give . . . unto my friend Richard H. Simpson the sum of six thousand dollars," the testator referred to his friend Hamilton Ross Simpson, the respondent here, for the latter was his employee, and had been so for several years in Alaska and assisted the testator in railway work, where the testator accumulated his estate. Hamilton Ross Simpson was the testator's personal associate much of the time in Alaska, and the testator had told different persons that he had made provision for him in his will. The testator, while he was intimate with H. R. Simpson, the respondent, did not in fact know his given name or the order of his initials, and always addressed him as "Mr. Simpson" or "Bill" or "Rotary Bill," as he was commonly known on account of his ability to handle a railroad rotary snow plow. Richard H. Simpson, the appellant, was not a friend of the testator, had met him only once in twenty years, and then merely spoke to him as they passed by. These, and other facts not necessary to recount, led the trial court to conclude that the testator used the name Richard H. Simpson when he referred to and really intended the person and name of Hamilton Ross Simpson as his beneficiary. Under the rule as above stated, where the beneficiary is not precisely described, extrinsic evidence was proper, and we are satisfied that the trial court correctly interpreted the intent of the testator and the meaning of the will.

The judgment is therefore affirmed.

CROW, C. J., PARKER, and GOSE, JJ., concur.

CHADWICK, J. (concurring)—A most familiar rule of interpretation of wills is that effect should be given to every word contained therein. The testator, Heney, undertook to designate an object of his bounty. He did not do it by name alone. He said, "I give to my friend." The word "friend" is a word of weight and meaning. In the light of all the evidence, it fits Hamilton Ross Simpson, and it does not fit Richard H. Simpson. The record shows, as is said in the

majority opinion, that Richard H. Simpson was never the friend of the testator. It is not shown that he was more than a casual acquaintance, and there is no independent evidence of that fact. Hamilton Ross Simpson was Heney's friend. They had occupied the same tent; they had met the hardships incident to pioneering a railway line into the wilds of Alaska together; they had enjoyed the familiar fellowship of the camp. Hamilton Ross Simpson had been one of a few familiars whom Mr. Heney was accustomed to refer to as his "staff.". Heney did not, as other intimates did not, know that Simpson's name was Hamilton Ross; they knew him by the nickname of "Bill" or "Rotary Bill." Mr. Heney addressed his letter to Hamilton Ross Simpson, either as R. H. Simpson or H. R. Simpson. It is evident from the whole record that, in seeking to use formality in the preparation of a will, as men will do, Mr. Heney, instead of using as he had theretofore the initials "H. R." or "R. H.," supplied a name that may have been in his mind because of his former acquaintanceship with Richard H. Simpson. If the record went no further than the name, we could say that the rights of the parties claimant are equally balanced. It goes further. There is in Hamilton Ross Simpson's favor the fact that he was the friend of Mr. Heney. This creates an uncertainty or ambiguity, and parol testimony is admissible to clear the doubt. It was admitted, and shown beyond peradventure, that Mr. Heney had said to various friends that he intended to reward all those who had stood by him and helped him to do the work out of which he had realized his fortune, and it is significant, and to my mind a controlling circumstance, that he did remember all of them by name and by bequest. If there had been no qualifying word, there might be no room for construction; but when it is shown that Mr. Heney had but one friend Simpson, and that friend was known to him as "H. R." or "R. H.," and by no familiar name other than "Bill," I have no hesitancy in holding that this case falls without the general rule quoted in the majority opinion.