GEORGE M. KINGMAN & others, trustees, *vs.* NEW BEDFORD HOME FOR AGED & another.

Bristol.    October 25, 1920. — January 15, 1921.

Present: RUGG, C. J., DE COURCY, CARROLL, & JENNEY, JJ.

*Trust,* Construction: designation of beneficiary. *'Devise and Legacy,* Designation of beneficiary.    *Evidence,* Extrinsic affecting writings.

A will, made in St. Louis in the State of Missouri in 1914 by a man who was born in New Bedford in this Commonwealth and who, in 1859, when fourteen years of age, went South where he lived until his death in 1915, placed certain property in trust "for the use and benefit of the New Bedford Home for Aged People, or, if there be no such home, then to such charities in the city of New Bedford as the . . . trustees . . . may select." Two corporations were the only claimants under the trust. One of them, the New Bedford Home for Aged, was established by a young colored woman in 1897 and was incorporated in 1902 "for the purpose of the establishment and maintenance of a place for charitable and beneficial purposes and aiding and assisting and otherwise caring for aged and indigent persons." Its incorporators were colored people. It erected a building in 1908, which it conducted as a home and which accommodated fourteen persons. Both white and colored persons had been cared for by it, but colored women had predominated. The home was sometimes known as "Home for Aged People." The second claimant was the Association for the Relief of Aged Women of New Bedford, incorporated in 1866 "to provide relief for aged women of New Bedford." It never had established nor conducted an institutional home, but had been engaged in providing or helping maintain homes for such women and otherwise aiding them. It had for many years been widely and favorably known in New Bedford and had been maintained in part by members of leading families of the city by legacies and donations. The testator left a large fortune which by his will was largely devoted to charities intended primarily for the benefit of white persons. There was nothing to show that he ever expressed any especial interest in the colored race. He knew that there was an organization in New Bedford that provided homes for genteel old women and was deeply interested in the work it was doing, knew that it was not an institutional organization, that the recipients of its bounty were not all

put into one large building, but that homes were provided for them in different residences so that they were not made to feel that they were in a charitable institution. This organization he attempted to describe in the provisions in his will although he was uncertain as to its correct name. Upon a bill in equity for instructions, it was *held,* that

(1) As the name of neither claimant corresponded to that given in the will, it was proper, in ascertaining whether the testator intended, by the language used in his will, to designate either claimant, to consider all surrounding facts known to the testator and existing or in his mind when the will was made, and also his relations with the claimants;

(2) A finding was warranted that the gift for charity created by the clause in question was intended for the benefit of the Association for the Relief of Aged Women of New Bedford;

(3) A decree directing that the Association was entitled to benefit under the trust was affirmed.

BILL IN EQUITY, filed in the Probate Court for the county of Bristol on April 22, 1918, by trustees under the will of George D. Barnard, late of St. Louis in the State of Missouri, for instructions as to whether, under a provision in that will that certain property should be received by them "for the use and benefit of the New Bedford Home for Aged People, or if there be no such home, then to such charities in the City of New Bedford as the said board of trustees, by a majority vote, may select," either the Association for the Relief of Aged Women of New Bedford or the New Bedford Home for Aged (there being no organization or charity existing under the name of "New Bedford Home for Aged People") was entitled to receive said income, and, if so, which was entitled, or, if neither was entitled, whether or not there was any organization or charity constituting "such home" as was contemplated and mentioned in the language of the testator.

In the Probate Court, the suit was heard by *Alger,* J., by whose order a decree was entered that the Association for the Relief of Aged Women of New Bedford was entitled under the trust. On appeal by the New Bedford Home for Aged, the suit was heard by *Crosby,* J. Material facts found by the single justice are described in the opinion. The ruling of the single justice restricting evidence described in the opinion, and his conclusions from facts found by him, were as follows:

"I am of opinion and rule that evidence of verbal declarations of the testator of his intentions are not admissible, but that such evidence is competent for the purpose of showing facts of which

he had knowledge, and the attendant circumstances which tend to throw light upon his character, his social and personal relations, his knowledge or want of knowledge of the respective claimants, and his state of feeling toward either of them. . . .

"In view of all the circumstances as disclosed by the evidence, it seems plain that the testator did not intend to make the appellant his beneficiary. It is a small institution capable of caring for only fourteen inmates, it is managed and controlled by colored people, and there is no evidence whatever that he had ever heard of it. On the other hand, I find that he knew of the Association for the relief of Aged Women of New Bedford, and that he told his counsel the beneficiary he had in mind had existed for a great many years, that he was deeply interested in the work that it was doing, that it was an organization that provided homes for genteel old women, and that it was not an institutional one, that is to say, that the old women were not all put into one large building and that homes were provided in different buildings or residences located at different points in New Bedford so that the women provided for were not made to feel that they were in a charitable institution, but in real homes as far as possible. These statements of the testator, together with all the other evidence, make it plain, and I find that the charity created by the clause in question was intended for the benefit of the Association for the Relief of Aged Women of New Bedford."

*E. B. Jourdain,* for New Bedford Home for Aged.

*M. R. Brownell,* (*O. S. Cook* with him,) for Association for the Relief of Aged Women of New Bedford.

JENNEY, J. The will of George D. Barnard, late of St. Louis, Missouri, was duly proved in a Probate Court of that State; and thereafter, on March 1, 1918, it was ordered to be filed and recorded in the registry of probate for the county of Bristol in this Commonwealth, under the provisions of R. L. c. 136, §§ 10 and 11.

The will was dated at St. Louis on January 16, 1914. It contains the following provision: "Out of the income arising from the said trust estate, the board of trustees shall annually pay the sum of Thirty-six Hundred Dollars ($3600.00) in monthly installments of Three Hundred Dollars ($300.00) per month to the person who shall for the time being be the senior warden of

Grace Episcopal Church, of New Bedford, Massachusetts, and to the person who shall for the time being be president of the New Bedford Institution for Savings, and to the person who shall for the time being be Mayor of the City of New Bedford, Massachusetts, to be received by said persons as trustees for the use and benefit of the New Bedford Home for Aged People, or, if there be no such home, then to such charities in the city of New Bedford as the said board of trustees, by a majority vote, may select, and said payments when so made by such persons acting as such trustees, to be given in my name, to be designated as a gift coming from me."

The beneficial interest in the trust created by said legacy is claimed by the New Bedford Home for Aged, and also by the Association for the Relief of Aged Women of New Bedford. Both are corporations. There are no other claimants. The trustees asked that it be decided whether either of said corporations is entitled to the income of the trust, and, if so, which should receive it.

As the name of neither claimant exactly corresponds to that given in the will, evidence was admissible to aid in its construction. Such evidence may be received, notwithstanding that the description of the beneficiary in the will more clearly corresponds to that of one claimant than to the other, and although one might better carry out the testator's purpose than the other. *Tucker* v. *Seaman's Aid Society*, 7 Met. 188. *Winslow* v. *Cummings*, 3 Cush. 358. *Mason* v. *Massachusetts General Hospital*, 207 Mass. 419.

While evidence cannot be received to contradict or control the language of a will, or to show that the testator intended something different from what is expressed therein, where, as in the will under consideration, no ambiguity appears on its face, but an uncertainty arises upon its application to existing circumstances, evidence is admissible of all the surrounding facts known to the testator, and existing or in mind when the will was made, and also as to his relations with the claimants. *Brown* v. *Thorndike*, 15 Pick. 388, 400. *Minot* v. *Boston Asylum & Farm School for Indigent Boys*, 7 Met. 416. *Bodman* v. *American Tract Society*, 9 Allen, 447. *Morse* v. *Stearns*, 131 Mass. 389. *Hinckley* v. *Thatcher*, 139 Mass. 477. *Faulkner* v. *National Sailors' Home*,

155 Mass. 458.  *Gould* v. *Chamberlain,* 184 Mass. 115.  *Best* v. *Berry,* 189 Mass. 510.

The Association for the Relief of Aged Women of New Bedford was incorporated in 1866 "to provide relief for aged women of New Bedford." Ever since its organization, it has been engaged in providing or helping maintain homes for such persons, and otherwise aiding them. It never has established or conducted an institutional home. It has been maintained in part by members of leading families of New Bedford; and it also has been aided by legacies and donations. By reason of its long existence and the prominence of the people connected with it, it has for many years been widely and favorably known in that city.

The New Bedford Home for Aged was established as a voluntary association in 1897, by Elizabeth C. Carter, a young colored woman, and incorporated in 1902 "for the purpose of the establishment and maintenance of a place for charitable and beneficial purposes and aiding and assisting and otherwise caring for aged and indigent persons." The incorporators were colored people. In 1908, it erected a building with accommodations for fourteen persons, and now conducts a home therein. Both white and colored persons have been cared for, but colored women have greatly predominated. The home has always been conducted purely for charitable purposes and has sometimes been known by the name "Home for Aged People."

The testator was born in New Bedford, and, in 1859, when fourteen years of age, left there and lived in the South, until his death in Missouri in 1915. He occasionally visited his native place, and, some years before his death, presented to it a monument, which was erected in one of its public parks. By the terms of his will his large fortune was devoted largely to charity. The hospitals, societies and other institutions designated in this will as beneficiaries are those intended primarily for the benefit of white persons; and there is nothing to show that he ever expressed any special interest in the colored race.

He knew that there was an institution in New Bedford which he described in his will as the "New Bedford Home for Aged People;" that said institution had existed in that city for a great many years. He was uncertain as to its correct name. He was deeply interested in the work that it was doing, and knew that it was an

organization that provided homes for genteel old women; that it was not an institutional organization; and that the recipients of its bounty were not all put into one large building, but homes were provided for them in different residences so that those assisted were not made to feel that they were in a charitable institution.

The single justice found that the charity created by the clause in question was for the benefit of the Association for the Relief of Aged Women of New Bedford, and by his order a decree was entered that it was entitled to the use and benefit of the income of the trust estate.

While the record recites no exceptions to the admission of evidence, we think that the evidence so far as it is set forth was admissible. Its effect was properly restricted by the presiding judge.

The statement of facts fully justified the findings made.

In the discretion of a single justice, costs as between solicitor and client may be allowed from the fund; and the decree entered, except as it may be so modified, is affirmed.

*Ordered accordingly.*