OLD COLONY TRUST COMPANY, trustee, *vs.* THE WINCHESTER HOME FOR AGED WOMEN & others.

Middlesex.    April 4, 5, 1949. — April 27, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy*, Existence of legatee, Gift to charitable organization. *Corporation*, Charitable corporation.

A trustee under a will properly was instructed by a Probate Court to pay to a certain charitable corporation a distributive share directed to be paid to it by the will, notwithstanding the fact that under a court decree it had transferred all its assets and charitable activities to another corporation engaged in the same type of charity, and thereafter had paid to the transferee all sums received by it, where it appeared that, continuously since such decree and to the time fixed for distribution by the trustee, the corporation named in the will had kept its corporate organization intact.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on April 8, 1948.

The case was heard by *Monahan*, J.

*J. H. B. Edwards*, stated the case.

*J. E. Angoff*, for Massachusetts Pythian Sisters' Home Association, Inc.

*H. Parkman*, for The Winchester Home for Aged Women and another.

*H. Campbell*, for New England Deaconess Hospital.

*F. E. Kelly*, Attorney General, & *G. J. Barry*, Assistant Attorney General, for the Attorney General, submitted a brief.

LUMMUS, J.    This is a petition by the trustee under the will of Mary E. Robinson, late of Somerville, for instructions as to the distribution of the trust property.    The testatrix died on August 25, 1932, aged eighty-six years. At her death her residuary estate amounted to $40,000, but now it amounts to $114,000.    The facts are agreed.

After some pecuniary legacies, the testatrix gave "to such of the following named institutions as are in existence at the time of my death," namely, Winchester Home for Aged Women, Massachusetts Pythian Sisters' Home, and Palmer Memorial Hospital, the sum of $200 each. A nephew of the testatrix, William A. Dickey, survived her, and died on November 20, 1947. In the event that said nephew survived the testatrix, the will gave the residue to Old Colony Trust Company, in trust, to make certain payments to said nephew during his life, and then provided as follows: "Upon the death of my said nephew, William A. Dickey, my trustee shall pay over all the principal of the trust estate, together with the accumulated income in equal shares to the said Winchester Home for Aged Women, Massachusetts Pythian Sisters' Home and Palmer Memorial Hospital."

The Winchester Home for Aged Women was incorporated in 1865. In 1931, while it was caring for thirty-two aged women at its home on Eden Street in the Charlestown district of Boston, the value of its assets was found to be so greatly diminished that it could no longer maintain that home. For that reason, it was authorized by a decree of this court on May 19, 1931, to transfer all its assets to Home for Aged Women, which assumed all its liabilities including its obligation to care for the inmates of its home. The Home for Aged Women is a charitable corporation which maintains a home on South Huntington Avenue in Boston for the care of aged women. The Home for Aged Women enlarged its home, and received therein twenty-eight inmates of the Eden Street home. They were in the Home for Aged Women at the death of the testatrix. After the decree of May 19, 1931, the organization of the Winchester Home for Aged Women was maintained unimpaired to the present time, and nothing has been done looking to its dissolution. Annual meetings have been regularly held, and officers have been elected annually. All receipts of the Winchester Home for Aged Women since that decree have been paid over promptly to the Home for Aged Women.

The Palmer Memorial Hospital is not a corporation, but is one of the three hospital units owned and operated by New England Deaconess Hospital.

The Massachusetts Pythian Sisters' Home contends that no distribution should be made to the Winchester Home for Aged Women or the Home for Aged Women, but that the third given in the will to Winchester Home for Aged Women should be distributed to Massachusetts Pythian Sisters' Home under the cy pres doctrine; or, in the alternative, should be divided between Massachusetts Pythian Sisters' Home and Palmer Memorial Hospital. The guardian ad litem for certain heirs of the testatrix contends that the third given in the will to Winchester Home for Aged Women should be distributed to the heirs of the testatrix as intestate property. The judge, by his decree of November 17, 1948, ordered distribution to Winchester Home for Aged Women, Massachusetts Pythian Sisters' Home, and New England Deaconess Hospital, one third to each. Massachusetts Pythian Sisters' Home Association, Inc.,[1] appealed, stating that it was aggrieved by that portion of the decree that ordered a third distributed to the Winchester Home for Aged Women.

The appellant contends that the requirement that the beneficiary should be in existence at the death of the testatrix should be read by implication into the provision for the ultimate distribution of the residue. Even if that should be done, it would not be decisive in favor of the appellant. Winchester Home for Aged Women is still "in existence," although not active. In *Old Colony Trust Co.* v. *Third Universalist Society of Cambridge,* 285 Mass. 146, legacies were given to "Third Universalist Society of Cambridge." That society had voted to discontinue active services, and to transfer its property to the Massachusetts Universalist Convention; and the transfer was made. It voted to take necessary steps for the dissolution of the society, but no effective steps were taken to dissolve the society. Each of

---

[1] This is the corporate name of Massachusetts Pythian Sisters' Home, named in the will. — REPORTER.

the testators died subsequent to those votes. Rugg, C.J., said at page 149, "It [the society] continues to exist with full corporate powers. It has not been dissolved. It is capable of accepting such legacies as here are in question without overstepping the bounds of its corporate competency. Nonuser by the corporation of its corporate powers works no forfeiture of them and does not operate as a surrender of its charter." See also *Boston Safe Deposit & Trust Co.* v. *Stratton,* 259 Mass. 465.

The decree is affirmed. The matter of the allowance of costs and expenses is to be in the discretion of the Probate Court.

*So ordered.*