DONALD N. SLEEPER & another, executors, *vs.* CAMP
MENOTOMY, INC. & others.

Middlesex.    January 4, 1967. — February 9, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Devise and Legacy,* Identity of legatee, Gift to charitable organization.

The will of a woman giving legacies to certain "charitable, religious, and
educational organizations or corporations," and naming "Arlington Girl
Scouts of Arlington, Massachusetts" as one of the legatees, revealed a
general charitable intent on the part of the testatrix, and where it ap-
peared that prior to and at the time of execution of her will girl scout-
ing had been carried on in Arlington by Arlington Girl Scouts, Inc., a
Massachusetts corporation, that between that time and the death of the
testatrix twelve years later the national girl scout organization had duly
revoked the scouting charter of that corporation and thereby had de-
prived it of authority to conduct girl scout activities and it had ceased
all such activities, had changed its name and subsequently operated a
girls summer camp outside Massachusetts, and that the national organi-
zation had issued a scouting charter to a new Massachusetts corporation
which alone conducted girl scout activities in Arlington and designated
contiguous communities, it was held that the girl scout legacies should
be paid, not to the corporation formerly named Arlington Girl Scouts,
Inc., but to the new corporation, and should be applied by it for the
benefit of girl scouts in Arlington only.

PETITION for instructions filed in the Probate Court for
the county of Middlesex on May 20, 1965.

The case was heard by *Leggat, J.*

*Albert W. Wunderly* for Camp Menotomy, Inc.

*Carlton W. Spencer (Arthur O. Ricci* with him) for Mis-
tick Side Girl Scout Council, Inc.

*James J. Kelleher,* Assistant Attorney General, for the
Attorney General.

SPALDING, J.    The executors of the will of Edith M. Fox,
late of Arlington, brought this petition for instructions to
determine to whom certain legacies and shares in the resi-
due should be paid.  We are concerned here only with the
legacy and share given to the "Arlington Girl Scouts of
Arlington, Massachusetts."  The facts are not in dispute.

The case was heard solely on admissions and documents which were established pursuant to a notice to admit facts.

The judge made a report of material facts, the pertinent portions of which are as follows: Edith M. Fox died on April 9, 1965, leaving a will executed on June 25, 1953. Article twenty-ninth gave certain "charitable, religious, and educational organizations or corporations" the sum of $10,000 each. One of these legacies was to "Arlington Girl Scouts of Arlington, Massachusetts." Article thirty-first provided that the residue should be divided equally "among the corporations and organizations named" in the twenty-ninth and thirtieth clauses. The legacies in dispute under articles twenty-ninth and thirty-first are claimed by Mistick Side Girl Scout Council, Inc. and by Camp Menotomy, Inc. [Menotomy]. At the time of the execution of the will, and for several years prior thereto, girl scouting had been carried on by Arlington Girl Scouts, Inc., a Massachusetts corporation organized in 1937. In 1962, The Girl Scouts of the United States of America,[1] pursuant to a general plan of reorganization of local councils throughout the country, decided that the interests of girl scouts in Arlington and several surrounding cities and towns would be better served by consolidating small local councils into a larger council. Accordingly, in 1962 the national organization duly revoked the charter issued to Arlington Girl Scouts, Inc., effective February 1, 1963. Thereafter Arlington Girl Scouts, Inc. ceased to have any authority to conduct girl scout activities in Arlington. Since December, 1963, these activities have been conducted by Mistick Side Girl Scout Council, Inc. (Mistick). Mistick, a Massachusetts corporation, was organized in 1962, and is now the only organization authorized to conduct girl scouting in Arlington. In January, 1965, Arlington Girl Scouts, Inc. changed its name to Camp Menotomy, Inc. Menotomy now operates a summer camp

---

[1] The Girl Scouts of the United States of America, as its name implies, is a national organization; it was chartered by an act of Congress and has the exclusive right to grant and revoke charters to local organizations. Without such charters local organizations cannot be identified with girl scout activities.

for girls in Meredith, New Hampshire; it does not conduct any girl scout activities in Arlington or elsewhere.

After finding the foregoing facts the judge concluded: "[T]he general charitable purposes of promoting girl scouting is implied by the words, 'Girl Scouts' and from the known objects of the girl scout movement. . . . [T]his general charitable purpose of aiding girl scouting was predominant in the mind of the testatrix and not a desire to give to a particular entity." As indicated by her disposition of the residue "the testatrix had a general charitable intent to bestow the bulk of her estate upon charity." Since Mistick is the only organization authorized to conduct girl scouting activities in Arlington it alone is "capable of administering the decedent's bequest in accordance with her intention." The judge ordered that the legacies under the twenty-ninth and thirty-first articles be distributed to Mistick. From a decree accordingly, Menotomy appealed.

It is to be noted that the legacies under consideration were not given to Arlington Girl Scouts, Inc., the former name of Menotomy; rather they were given to "Arlington Girl Scouts of Arlington, Massachusetts." In fact, there was no organization with precisely that name. But that is of little importance. Arlington Girl Scouts, Inc. was the only organization conducting girl scouting in Arlington at the time the will was executed. We have no doubt that Menotomy, under either its former or present name, would be entitled to the legacies if it were conducting scouting in Arlington when the will became effective. See *Tucker* v. *Seaman's Aid Soc.* 7 Met. 188, 204–209; *Kingman* v. *New Bedford Home for Aged,* 237 Mass. 323.

Menotomy contends that it is entitled to the legacies whether or not it continues to conduct scouting. It cites in support of its position *Old Colony Trust Co.* v. *Third Universalist Soc. of Cambridge,* 285 Mass. 146, and *Old Colony Trust Co.* v. *Winchester Home for Aged Women,* 324 Mass. 258. In both those cases, it was held that the organizations, which were still in existence and in possession of their full corporate powers, were entitled to the legacies even though,

since the wills had been executed, they had ceased to pursue their former objectives. When the will spoke, Menotomy had not only ceased to conduct scouting, but its authority to do so had been revoked. Under the policies of The Girl Scouts of the United States of America, the chartered national body which controls all girl scouting activities, Mistick has succeeded to the authority which, at the time the will was executed, was vested in Arlington Girl Scouts, Inc.

What was said by Knowlton, C.J., in *Hubbard* v. *Worcester Art Museum,* 194 Mass. 280, 289–290, is singularly pertinent: ''We have no doubt that the property was given under the testator's will with a general charitable intent, with which the Worcester Art Museum, as a corporation, had no other connection than as an instrument to carry out the general purpose of the testator. In other words, the gift was not to the Worcester Art Museum as a corporation, apart from the charitable work in which it was engaged, nor on account of anything essential or peculiar in its performance of the charitable work described in its instrument of organization. The general charitable purpose was predominant in the mind of the testator, and not a desire to give to a particular corporation. The charitable purpose may be implied in the name or object of the devisee. . . . The object of the devisee, as a legally established public charity, was well known to the testator. To state the same proposition in other language, an implication to create a public charity may arise 'from the character of the body to which the gift is made, or from publicly avowed purposes of its organization and action.'. . . In such a case, if for any reason the donee named is incapable of executing the trust, the court will not allow the gift to fail for want of a donee.'' See Scott, Trusts (2d ed.) § 397.3.

We are of opinion that the judge was justified in concluding that the designation of the corporation was not of the essence of the gift, and that it was merely the instrument to carry out the charitable purpose of the testatrix. If Menotomy were to receive the legacies that purpose would be thwarted. The purpose can be carried out only

by giving the legacies to Mistick. The Attorney General, who was named as a respondent, joins with Mistick in urging that the decree be affirmed.

Mistick points out, however, that it conducts scouting activities not only in Arlington but also in contiguous communities. It suggests that since the legacies were for the benefit of the girl scouts of Arlington they should be applied by Mistick for this purpose and that a modification of the decree requiring this to be done would be appropriate. We agree.

The final decree is to be modified in accordance with the preceding paragraph and, as so modified, is affirmed. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*