491 P.2d 614 (1971)
In the Matter of the ESTATE of Inez M. HALL, Deceased, Loren M. Bloom, Executor, Petitioner-Appellant,
v.
FATHER FLANAGAN'S BOYS' HOME, Respondent-Appellee.
No. 70-494.
Colorado Court of Appeals, Div. I.
December 7, 1971.
*615 George J. Francis, Frances DeLost, Denver, for petitioner-appellant.
Holland & Hart, H. Gregory Austin, Denver, for respondent-appellee.
Selected for Official Publication.
PIERCE, Judge.
In April 1965, the decedent, Inez M. Hall (Mrs. Hall), opened a savings account at the Otero Savings and Loan Association of La Junta, Colorado. The bankbook named "Boys Town of Nebraska" as beneficiary and designated Mrs. Hall as trustee. The signature card, bearing the printed caption "Discretionary Revocable Trust Agreement," designated the beneficiary as "Boys *616 Town (A Nebraska Non-profit Organization)". The discretionary revocable trust agreement set forth on the signature card contained, among others, the following provisions:
"The funds in the account indicated on the reverse side of this instrument, together with earnings thereon, and any future additions thereto are conveyed to the trustee as indicated for the benefit of the beneficiary as indicated. The conditions of said trust are: (1) the trustee is authorized to hold, manage, invest and reinvest said funds in his sole discretion; (2) The undersigned grantor reserves the right to revoke said trust in part or in full at any time and any partial or complete withdrawal by the original trustee if he is the grantor shall be a revocation to the extent of such withdrawal, but no other revocation shall be valid unless written notice is given to the institution named on the reverse side of this card ... [t]he Trust shall continue until the death of the grantor and thereupon the proceeds shall be delivered to the beneficiary."
Following Mrs. Hall's death, the executor of her estate, appellant herein, filed a petition in the district court requesting that it find the trust agreement invalid. Father Flanagan's Boys' Home, appellee, moved for summary judgment that the trust was valid as established; that Father Flanagan's Boys' Home was the intended beneficiary of the trust; and that the trust funds should be paid over to Father Flanagan's Boys' Home. Appellee's motion was supported by affidavits and admissions which established the following: (1) that no organization or entity by the name of "Boys Town Nebraska" or "Boys Town (a Nebraska non-profit organization)" existed in Nebraska; (2) that aside from Father Flanagan's Boys' Home, the following organizations with similar names existed in Nebraska: Boys Town National Alumnae Association, Boys Town National Alumnae Association Scholarship Fund, and Boys Town Boosters, all of which disclaimed interest in the trust agreement in favor of Father Flanagan's Boys' Home; (3) that Father Flanagan's Boys' Home was nationally known by the name of "Boys Town, Nebraska" and had conducted national solicitations by mail for contributions to said institution under the name of "Boys Town, Nebraska"; and (4) that the decedent's son (appellant herein) had made a number of contributions to Father Flanagan's Boys' Home during the years 1948 to 1963. Summary judgment was thereafter granted in favor of Father Flanagan's Boys' Home. The appellant here asserts that the district court erred in entering this order.
Appellant first contends that the savings account trust is invalid upon the grounds that the trustor retained too great a power of control over the corpus, and that the trust was testamentary in nature. We disagree. Although we find no Colorado cases directly on point, the great weight of modern authority has upheld the validity of savings account trusts (often referred to as "Totten Trusts") as against these objections. 4 A. Scott, Law of Trusts § 361 (3d Ed. 1967); see e. g. Kuck v. Raftery, 117 Cal.App. 755, 4 P.2d 552; In re Estate of Petralia, 32 Ill.2d 134, 204 N.E.2d 1; In re Totten, 179 N.Y. 112, 71 N.E. 748; Restatement (Second) Trusts § 58 (1959). See also Denver National Bank v. Von Brecht, 137 Colo. 88, 322 P.2d 667.
The appellant further asserts that the district court erred in holding the trust valid because the beneficiary is not sufficiently identified in the trust instrument. We do not find this argument persuasive. C.R.S.1963, 153-16-1, provides that no gift of real or personal property to charitable or benevolent uses "shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating or constituting the same." See Gregory v. Colorado National Bank, 91 Colo. 172, 13 P.2d 273.
*617 It is the general rule that where the description of the beneficiary of a charitable trust is fairly applicable to one or more persons or organizations, even though it may not accurately describe any one of them, parol evidence of surrounding facts and circumstances existing at the time of the execution of the trust is admissible to explain the trustor's intent. 4 A. Scott, Law of Trusts § 397.3; 90 C.J.S. Trusts § 169. The determination of the beneficiary of a charitable trust depends primarily upon a correct interpretation of the words used in creating it. See 14 C.J.S. Charities § 41. Clearly, one of the surrounding circumstances indicative of the trustor's intent herein is the popular name of the intended charitable beneficiary. See Hays v. Illinois Industrial Home for the Blind, 12 Ill.2d 625, 147 N.E.2d 287; Trustees of General Assembly of Presbyterian Church v. Guthrie, 86 Va. 125, 10 S.E. 318; 15 Am.Jur.2d Charities § 108. Under the facts before it, it was proper for the trial court to determine that the intended beneficiary of the trust fund in question was Father Flanagan's Boys' Home.
The appellant further asserts that the district court erred in granting summary judgment in that there were disputed questions of fact. Again, we disagree. The appellee's motion for summary judgment was supported by uncontradicted affidavits. No evidence or counter-affidavits were offered by the appellant questioning or denying any of the facts set forth in the appellee's affidavits. It is settled law that a party is entitled to summary judgment where there are pleadings, affidavits, and admissions on file showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment. O. C. Kinney, Inc. v. Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628. In the absence of any further affidavits or depositions by the executor raising a genuine issue of fact, the district court properly ruled on summary judgment that the savings account trust was valid and that Father Flanagan's Boys' Home was the intended beneficiary thereof. Durnford v. City of Thornton, Colo.App., 483 P.2d 977.
Appellant's further assignments of error are found to be without merit.
Judgment affirmed.
COYTE and DUFFORD, JJ., concur.