521 P.2d 1290 (1974)
Emma SANCHEZ and Albert B. Sanchez, Plaintiffs-Appellants,
v.
VALLEY VIEW HOSPITAL AND MEDICAL CENTER et al., Defendants-Appellees.
No. 73-320.
Colorado Court of Appeals, Div. II.
April 16, 1974.
*1291 Lewis, Jones & Ellwood, Philip M. Jones, Denver, for plaintiffs-appellants.
Wood, Ris & Hames, P. C., Charles E. Weaver, Denver, for defendant-appellee Valley View Hospital and Medical Center.
Wagner, Wyers & Vanatta, P. C., Dean R. Vanatta, Denver, for defendant-appellee Dr. Richard Schneider.
Zarlengo, Mott & Zarlengo, John C. Mott, Denver, for defendant-appellee Dr. Louis Falkenburg.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is a medical malpractice action in which plaintiffs appeal from a summary judgment which dismissed their complaint for failure to commence the action within the time specified in the appropriate statute of limitations, 1967 Perm.Supp., C.R.S. 1963, 87-1-6. We affirm.
The facts are not in dispute. On June 8, 1970, an operation was performed on plaintiff, Emma Sanchez, in the defendant hospital by one of the defendant doctors. On July 21, 1970, Mrs. Sanchez discovered and removed from her vagina a surgical pad which remained following that operation. Between July 21 and July 24, 1970, she discussed this matter with people at defendant hospital and with both defendant doctors. On or before July 24 she also consulted with another doctor who advised her she had an infection and gave her a prescription, which she used. There was no other contact with defendants until this action was commenced on July 26, 1972.
1967 Perm.Supp., C.R.S.1963, 87-1-6, provides that no person shall be permitted to maintain an action in tort or implied contract to recover damages for alleged negligence from a licensed hospital or a person licensed to practice medicine, "unless such action be instituted within two years after such cause of action accrued."[1]
On appeal plaintiffs do not question the fact that the alleged negligence was discovered more than two years prior to the bringing of the action. They claim that the defendants concealed the effects of the negligence from plaintiffs. The record does not support this claim. The plaintiffs' depositions establish that prior to July 24, 1970, Mrs. Sanchez was advised of, and received medication for, an infection. No other deleterious effects are asserted by plaintiffs. "A cause of action cannot be said to be concealed from one who has a personal knowledge of the facts which create it." Sanborn v. Gale, 162 Mass. 412, 38 N.E. 710. Here the plaintiffs discovered the asserted negligence on July 21, 1970, and knew of its effect prior to July 24, 1970. The action then accrued. Owens v. Brochner, 172 Colo. 525, 474 P. 2d 603. The action was not brought within the two year period. There being no genuine dispute of any fact material to the statute of limitation issue, summary judgment was proper. Hall v. Father Flanagan's Boys' Home, 30 Colo.App. 296, 491 P.2d 614.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.
NOTES
[1] This statute was amended by 1971 Perm. Supp., C.R.S.1963, 87-1-6. Since we decide, infra, that the action accrued under the 1967 statute, the 1971 version is inapplicable. Valenzuela v. Mercy Hospital, Court of Appeals 521 P.2d 1287, decided contemporaneously herewith.