[No. 3862–II.   Division Two.   July 8, 1980.]

WARREN E. VADMAN, *Respondent,* v. AMERICAN CANCER SOCIETY, *Appellant,* NATIONAL CANCER FOUNDA-TION, INC., *Respondent.*

*Bruce P. Flynn,* for appellant.

*Frank J. Owens, Alexander W. Mackie,* and *E. Robert Fristoe,* for respondents.

REED, C.J.—The only question raised in this appeal concerns whether extrinsic evidence is admissible in the construction of a will which devises one–third of the income from a testamentary trust to the "National Cancer Foundation." The American Cancer Society, Inc. (Cancer Society) urges that evidence extrinsic to the testatrix' will demonstrates that it was the intended beneficiary. The National Cancer Foundation, Inc. (Cancer Foundation) argues that such evidence is not admissible in that the language of the will is unambiguous. The trial court refused to consider the evidence, and we affirm.

The will of Ada P. Wright established a testamentary trust, the income of which was to be distributed as follows:

> One–third (1/3) thereof to the Washington State Heart Association, one–third (1/3) thereof to the National Cancer Foundation, and one–third (1/3) thereof to the United Good Neighbor Fund of Olympia, Thurston County, Washington.

Twenty–one years following the death of the testatrix' sister, the principal was to be distributed two–thirds to the University of Washington and one–third to the United Good Neighbor Fund. The trustee, Warren Vadman, was given limited authority to distribute the principal or income to other charities in the event a named beneficiary ceased to exist.

After probate of the will, the testamentary trust was established and a portion of the income was paid to the Cancer Society. Vadman was unaware of the existence of the eastern based Cancer Foundation until shortly before he brought this action for declaratory judgment.

Vadman and the Cancer Society both submitted affidavits to the trial court which strongly suggested that the testatrix had intended the bequest go to the Cancer Society, despite language describing the beneficiary as the "National Cancer Foundation." The affidavits charge that

the will's language is a generic description of the Cancer Society and that the testatrix intended her bequest to aid in cancer research, an area where the Cancer Foundation does little if any work.[1]

Upon cross motions for summary judgment the trial court ruled the affidavits inadmissible and held in favor of the Cancer Foundation.

The rule is well established that whenever possible the actual intent of the testator should be ascertained from the language of the will itself unaided by extrinsic facts. *In re Estate of Griffen,* 86 Wn.2d 223, 543 P.2d 245 (1975); *In re Estate of Riemcke,* 80 Wn.2d 722, 497 P.2d 1319 (1972). Vadman and the Cancer Society urge that a latent ambiguity inheres in the will's description of the intended beneficiary. A latent ambiguity is one not outwardly apparent from the face of the will but which becomes apparent where, for example, the identity of the beneficiary becomes obscure or uncertain when applying the instrument to the facts as they exist. *Carney v. Johnson,* 70 Wn.2d 193, 422 P.2d 486 (1967); *In re Estate of France,* 64 Wn.2d 703, 393 P.2d 940 (1964).

According to Vadman and the Cancer Society, the latent ambiguity here is the will's description of the "National Cancer Foundation." The Cancer Foundation's true name is "National Cancer Foundation, Inc.", and therefore the identity of the beneficiary is allegedly uncertain due to the absence of the descriptive "Inc." In support of this theory the Cancer Society relies upon *Siegley v. Simpson,* 73 Wash. 69, 70, 131 P. 479 (1913). In *Siegley,* the will included a legacy to "my friend Richard H. Simpson." Although there was a person named Richard H. Simpson, a Hamilton Ross Simpson was allowed to prove that he was the intended beneficiary and not Richard H. Simpson. The court noted, however, that designation of the beneficiary as "my friend" supplied a descriptive criterion inconsistent

---

[1] The National Cancer Foundation appears to be active in the areas of consultation, education, and social research.

with the testator's relationship to Richard H. Simpson. Accordingly, application of the otherwise clear language of the will exposed a latent ambiguity justifying consideration of extrinsic evidence.

Such is not the case at bar. This will describes the beneficiary by name only. No uncertainty or obscurity is exposed when applying the language to the Cancer Foundation. Between the Cancer Society and the Cancer Foundation the language in the will describes only the latter. *See generally* 4 W. Bowe & D. Parker, *Page on Wills* § 32.4 (1961).

■ Alternatively, Vadman and the Cancer Society argue there is a question of fact to be resolved regarding whether the draftsman mistakenly designated the wrong beneficiary, thereby precluding summary judgment. However,

> If the description applies completely to a certain person or persons and to no others, evidence may not be received to show that the testator intended the gift to be to others, even if it is claimed that a mistake was made in drafting the will . . .

(Footnotes omitted.) W. Bowe & D. Parker, § 32.6, at 250.

Absent an ambiguity in the will's language, extrinsic evidence is not admissible to modify the testatrix' apparent intent. Our review of the will in its entirety does not reveal a contrary intent. We therefore affirm.

PETRIE and PETRICH, JJ., concur.