646 P.2d 396 (1981)
In the Matter of the ESTATE OF Julia GROSS, Deceased.
AMC CANCER RESEARCH CENTER AND HOSPITAL, Claimant-Beneficiary-Appellant,
v.
AMERICAN CANCER SOCIETY, Claimant-Beneficiary-Appellee.
No. 80CA1244.
Colorado Court of Appeals, Div. II.
October 22, 1981.
Rehearing Denied November 19, 1981.
Certiorari Denied May 24, 1982.
*397 Myrick, Newton & Sullivan, P. C., William E. Myrick, Denver, for claimant-beneficiary-appellant.
Ireland, Stapleton & Pryor, P. C., Michael A. Smith, Dechert, Price & Rhoads, Robert C. Hawley, Denver, for claimant-beneficiary-appellee.
PIERCE, Judge.
This is an action for the construction of a will. Claimant AMC Cancer Research Center and Hospital (AMC) appeals summary judgment entered in favor of claimant American Cancer Society (Society). We affirm.
Julia Gross executed a will in 1978. She died in 1980 and her will was admitted into probate. Thereafter, the estate's personal representative filed a petition to have the testatrix' will construed, and, in particular, to have the court determine which of the two charitable organizations was entitled to the devises under paragraphs Twelve and Seventeen (e) of the will. Those paragraphs provide as follows:

"Twelfth: I devise and bequeath to the American Cancer Society, Colorado Division, Inc., located at Lakewood, Colorado, the sum of Two Thousand Dollars ($2,000.00), in memory of my father and mother, David and Rose Gross.

"Seventeenth: I devise and bequeath all the rest, residue, and remainder of my property, real and personal, wherever situated, I now own or may hereafter acquire, as follows, to-wit, in equal parts, share and share alike:
....
"(e) The American Cancer Society, Colorado, Inc., located at Lakewood, Colorado."
The trial court held that the will was unambiguous and that no extrinsic evidence was admissible to vary or contradict the language in the paragraphs that named the Society as devisee. AMC alleges that the trial court erred in finding the language of the will unambiguous.
When construing wills, the intent of the testator must be ascertained from the will in its entirety and if that intent is not prohibited by law it must be given effect. In re Estate of Dewson, 181 Colo. 189, 509 P.2d 311 (1973). When the terms of the will are unambiguous, extrinsic evidence may not be considered to cast "doubt upon the meaning of the language used and [render] such language susceptible to a different meaning." In re Estate of Dewson, supra. Conversely, if there is an ambiguity in the text of a will, extrinsic evidence may be considered to resolve that ambiguity. See Estate of Hall v. Father Flanagan's Boys' Home, 30 Colo.App. 296, 491 P.2d 614 (1971).
An ambiguity may be one of two classes. A patent ambiguity appears on the face of the instrument and extrinsic evidence is usually permitted to dispel such. T. Atkinson, Law of Wills § 60 at 288 (2d ed. 1953). Neither disputed paragraph contains patently ambiguous language.
AMC contends that there are latent ambiguities in both paragraphs of the will. We disagree. "A latent ambiguity exists where the language of the will, though clear on its face, is susceptible of more than one meaning, when applied to the extrinsic facts to which it refers." In re Estate of *398 Gibbs, 14 Wis.2d 490, 111 N.W.2d 413 (1961). See Estate of Hall, supra. Thus, extrinsic evidence must be considered to resolve a latent ambiguity. In re Estate of Gibbs, supra.
A latent ambiguity can occur in two ways. First, an equivocation exists when there are two or more persons or things that exactly conform to the will description. 9 J. Wigmore, Evidence § 2472 at 237 (3d ed. 1940). No equivocation exists here. AMC and the Society do not both exactly meet the descriptions in the will. Another type of latent ambiguity arises where no one person or thing exactly answers a will description, but two or more answer the description imperfectly. In re Estate of Gibbs, supra. The exactitude with which claimant meets a description, however, is always a matter of degree.
AMC first claims that a latent ambiguity exists in paragraph Seventeen (e) in that the Society is not properly named. We disagree. Although the Society's correct name is the "American Cancer Society, Colorado Division, Inc.," and not "The American Cancer Society, Colorado, Inc.," the identity of the devisee is still determinable with certainty from the language of the will without resorting to extrinsic evidence showing the testatrix' contrary intent. "In giving effect [to] the obvious intent of the [testatrix], words may be transposed, supplied or rejected." Brasser v. Hutchison, 37 Colo.App. 528, 549 P.2d 801 (1976) (emphasis added). The fact that the word "Division" was omitted from paragraph Seventeen (e) but was properly included in the Twelfth paragraph, allows an identification of the devisee with sufficient certainty in both paragraphs.
A designation in a will does not necessarily have to conform in every minute detail to the name of the devisee. The minor differentiation here does not create a latent ambiguity as AMC contends. The designation in a will needs only to identify a subject to which the terms of the will are obviously applicable with reasonable certainty. In re Girard Trust Corn Exchange Bank, 418 Pa. 112, 208 P.2d 857 (1965); Vadman v. American Cancer Society, 26 Wash.App. 697, 615 P.2d 500 (1980). The name designated in the Twelfth paragraph is the Society's correct legal name. The designation in paragraph Seventeen (e) still unambiguously identifies the Society.
AMC also contends that it is inconsistent to allow the Society to identify its correct legal name by an affidavit and not to allow AMC to use extrinsic evidence to show that it is the proper devisee. We disagree. Extrinsic evidence is admissible to identify a precisely named devisee. When a court finds that extrinsic evidence is inadmissible to correct a mistake, and
"`the will as it stands is intelligible and is applicable to some person or thing in existence, such evidence is not competent to show the testator's intention to designate some other person or thing.'" McCauley v. Alexander, 543 S.W.2d 699 (Tex.Civ.App.1976).
AMC argues that an additional latent ambiguity exists because of an improper designation of the Society's location in the disputed paragraphs of the will. Both organizations have offices in Lakewood, Colorado. AMC, however, claims that the Society is located in Denver and only maintains a branch office in Lakewood, known as the Jefferson County unit. AMC's argument is not persuasive. All of the devisees in the will have cities as geographic designations. Therefore, the testatrix' obvious intent was not so much that the locations of the devisees were to be part of the names, but rather only added geographic designations. Therefore, even if we assume there was an improper geographic designation, there is no ambiguity as to the proper devisee.
AMC also asserts that a third latent ambiguity exists in an established pattern of gifts. AMC relies on Kingman v. New Bedford Home for Aged, 237 Mass. 323, 129 N.E. 449 (1921), but that case is not persuasive here. In Kingman, a clear latent ambiguity existed in that neither claimant organization fit exactly the description in the will, but the description imperfectly applied *399 to both claimants. After declaring that the latent ambiguity existed, the court then examined extrinsic evidence. AMC, however, claims here that a pattern of gifts establishes the latent ambiguity which is contrary to the analysis used in Kingman. Moreover, the Society sufficiently fits the description in the will unlike the two organizations in Kingman.
The other allegations on appeal and cross-appeal are without merit.
The judgment is affirmed.
STERNBERG and TURSI, JJ., concur.