No. 14,418.

Estate of Schwartz.

Newell v. Tubbs et al.
(84 P. [2d] 820)

Decided November 21, 1938.

Mr. LEWIS D. MOWRY, Mr. JOHN L. KIVLAN, for plaintiff in error.

Mr. DAVID ROSNER, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS proceeding involves the construction of a trust provision contained in a will and the validity of the assignment of the interest of a beneficiary thereunder. The income from the trust estate was, under the terms of the will, to be used for the education of the great-grandchildren of the testator, the principal ultimately to be divided among the beneficiaries. The following compendious statement will sufficiently present the pertinent facts.

It appears from the pleadings that Henry Bolthoff died testate December 19, 1925, leaving a will in which it was provided by the seventh paragraph thereof that: "All the rest residue and remainder of my estate shall be converted into cash and invested in income producing securities approved by law for savings banks and for investment of the funds of estates, the said income to be proportionately used for the education of my great-grandchildren, the principal to be divided among said great-grandchildren, share and share alike, when the

youngest great-granchild, now living, shall have attained the age of twenty-one years.'' Plaintiff in error Newell, who was plaintiff below, being a great-grandson of the testator, was one of the beneficiaries under this trust. February 7, 1934, for a valuable consideration, he executed a written assignment of his interest in the trust estate to Tubbs and Schwartz. Tubbs, with Schwartz' administrator, being the defendants in this action. July 13, 1934, by a formal document duly acknowledged before a notary public, Newell and his wife executed and delivered to Tubbs and Schwartz a further formal release in which it was stated, among other things, that: ''We, and each of us, further do expressly recite and acknowledge that our said attorney has fully and carefully explained to us all of our rights and liabilities in any way connected, arising out of, or collateral to each and all of the transactions and dealings above mentioned, and we know exactly what we are doing and what is involved.''

Newell in his complaint asked for a decree annulling and cancelling the assignment and for an accounting. Defendants answered setting up the assignment and release. A demurrer to this answer being overruled, plaintiff elected to stand and judgment of dismissal was entered against him. Thereupon plaintiff sued out a writ of error to review the judgment, asking that the same operate as a supersedeas. We deem it to be for the best interests of all concerned that the matter be finally determined upon the supersedeas application.

No question of legal disability, fraud or compulsion is presented. The complaint identifies the parties, sets out the will of Bolthoff as Exhibit A, and alleges that paragraph seven thereof, above set out, is a positive and unqualified restraint on alienation and creates a spendthrift trust.

The only question presented is whether that paragraph creates such a trust. If it does, Newell's assignment of his interest is invalid and such a holding necessarily would result in a reversal of the judgment.

Upon careful consideration of the language used we are of the opinion that no such trust was created. Without setting out any formal definition, we may with propriety state that it is only by the use of language similar in meaning and legal import to that contained in the document under consideration in the recent case of *Snyder v. O'Connor,* 102 Colo. 567, 81 P. (2d) 773, that such a trust may be established, and a few general observations on the law here applicable we think will sufficiently present our views. on the subject.

██ A spendthrift trust "is a trust created to pro-. vide a fund for the maintenance of the beneficiary, and at the same time to secure it against his improvidence or incapacity." 65 C. J. 230. Clear and unequivocal language is necessary to create such a trust or, in the absence of such language, the intention to create must clearly appear from the language of the entire instrument. 65 C. J. 265. In the document under consideration in the instant case we find neither of these requisites.

No reason is here presented which in equity requires the annulment of the assignment involved. There is no allegation which even intimates that any of the great-grandchildren of the testator failed of education because of lack of financial aid from the fund established for that purpose and it is conceded that the youngest of the beneficiaries now is of age and that the trust fund may be distributed as directed.

Presented objections relating to defendants' pleadings are without merit.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.