549 P.2d 801 (1976)
Roger A. BRASSER, Plaintiff-Appellant,
v.
Joe C. HUTCHISON et al., Defendants, and
The First National Bank of Colorado Springs, Garnishee-Appellee.
No. 75-721.
Colorado Court of Appeals, Div. I.
April 22, 1976.
Richard N. Graham, Englewood, for plaintiff-appellant.
Murray, Baker & Wendelken, William A. Baker, Colorado Springs, for garnishee-appellee.
Selected for Official Publication.
VanCISE, Judge.
Plaintiff, Roger A. Brasser, appeals from a judgment dismissing his traverse of answers to a writ of garnishment. We affirm.
*802 Brasser obtained a judgment against the defendants and thereafter caused a writ of garnishment to be issued and served on the First National Bank of Colorado Springs (the bank) as garnishee. The bank was trustee of a trust under the will of George Hutchison, deceased, for the benefit of decedent's widow, Mercedes Hutchison, one of the individual defendants.
In its answers to the interrogatories accompanying the writ of garnishment, the bank acknowledged that some $2,700 of accrued but unpaid income from the trust was on hand at the time of service and that additional amounts were received thereafter and not distributed pending court order. It asserted that the widow's interest in the trust, as to both income and corpus, was not subject to garnishment on a judgment because it was protected by the "spendthrift" provisions contained in decedent's will. Those provisions are:
"No beneficiary of any trust created herein shall, during the continuance of the trust, acquire any right in or title to any corpus or income, otherwise than by and through the actual payment of such income or corpus by the Trustee to the beneficiary . . . nor shall any beneficiary have the right or power by drafts, assignment, or otherwise, to transfer, assign, anticipate or mortgage, or otherwise to encumber in advance any corpus or income, or to give orders in advance upon the Trustee for any corpus or income; nor shall any such interest of any beneficiary be subject to seizure or sequestration for the payment of any debts, torts, alimony, separate maintenance or other liabilities of any such beneficiary . . . ."
Brasser traversed the answer, but his traverse was denied and, after hearing, the garnishee bank was discharged. Brasser appeals.
The parties do not dispute that spendthrift provisions are legal and enforceable in Colorado. Snyder v. O'Conner, 102 Colo. 567, 81 P.2d 773. Nor does Brasser deny that the language of the provision quoted above is clear and explicit enough to show the testator's intention to create a "spend-thrift trust." See Newell v. Tubbs, 103 Colo. 224, 84 P.2d 820. Rather, he contends that the provisions of the will setting up the trust for the widow and then imposing spendthrift restrictions on the income interest are inconsistent.
He points out that the will expressly requires the trustee to "pay over the entire net income" to the widow "in convenient installments, at least quarterly, during her lifetime." Brasser maintains that this provision vests equitable title to the income in the widow, creating an inconsistency with the language of the spendthrift provisions denying her any right or title to the income prior to actual payment.
He notes further that the testator's intent to qualify the trust for the federal marital deduction is manifested in the will both expressly and implicitly by the nature of the terms of the trust. Since a condition for such qualification is that the spouse have an absolute right to all income from the trust, see Starrett v. Commissioner of Internal Revenue, 223 F.2d 163 (1st Cir.), he argues that decedent's intent in this regard must take precedence over the inconsistent language of the spendthrift provisions.
In response to this latter contention, we would point out that the precise dispositive issue before us is not the qualification of the trust for the estate tax marital deduction, but whether the spendthrift provisions in this will should be enforced against a garnisheeing creditor of the beneficiary. And, to arrive at that determination, we need not address the estate tax implications of the will, but rather need only to ascertain (1) the intent of the testator in light of the apparently inconsistent provisions of the will, and (2) the effect of C.R.C.P. 103 upon the trust's spendthrift provisions.

I.
"The cardinal rule in the construction of a Will is that the Court shall determine the actual intent of the testator *803 from the instrument in its entirety and, having ascertained that intent, shall carry it out, provided that the testator's intent conforms to law and public policy." Meier v. Denver U. S. National Bank, 164 Colo. 25, 431 P.2d 1019.
Viewing the will as a whole, it is clear that testator's intention was to provide a fund for the maintenance of his widow for her life by means of a trust which would qualify for the maximum federal estate tax deduction, and at the same time to secure this fund against her improvidence or incapacity, see Newell v. Tubbs, supra, by assuring that the income was paid directly to her and to no one else. We see nothing in this which is either internally inconsistent or contrary to our law or public policy. See Restatement (Second) of Trusts § 152, Comment h; 2 A. Scott, Trusts § 152.5.
In giving effect to the obvious intent of the testator, words may be transposed, supplied or rejected. In re Estate of Boyle, 121 Colo. 599, 221 P.2d 357; In re Estate of Rochester, 126 Colo. 54, 246 P.2d 906. Hence, if a literal interpretation of the portion of the spendthrift provisions dealing with right to income before actual payment would create an inconsistency with the plain intent of the testator as unmistakably revealed in the rest of the will, then those words should be disregarded. This is particularly appropriate where, as here, the troublesome language adds nothing to the protection of the widow's interest that is not already provided for in the balance of the same sentence.

II.
C.R.C.P. 103(b) permits the garnishment of a defendant's property in the hands of a third party "whether they are due at the time of the service of the writ or are to become due thereafter," see Stone v. Chapels for Meditation, Inc., 33 Colo. App. 346, 519 P.2d 1233, and subsection (z) of the Rule makes garnishment remedies available to judgment creditors in aid of execution. However, C.R.C.P. 103 is not applicable here. Spendthrift provisions being recognized in this state, Snyder v. O'Conner, supra, funds under the control of a trustee subject to such provisions cannot be garnisheed.
Judgment affirmed.
COYTE and KELLY, JJ., concur.