**GREENING DONALD CO., LTD., a Canadian corporation, Appellant,**

v.

**OKLAHOMA WIRE ROPE PRODUCTS, INC. an Oklahoma corporation, and C.J. Anderson dba Oklahoma Wirerope Products, Appellees.**

**No. 67039.**

Supreme Court of Oklahoma.

Nov. 8, 1988.

Rehearing Denied Jan. 11, 1989.

---

5. From 5 O.S. 1981 § 2, as appearing on the Oklahoma attorney's license to practice.

C. Craig Cole, Cole, Huff & Davila, Oklahoma City, for appellant.

Mark T. Koss, Hamilton & Koss, Oklahoma City, for appellees.

SIMMS, Justice:

The appellant, Greening Donald Co., Ltd. is a judgment creditor of appellee, C.J. Anderson. In an attempt to collect a portion of the outstanding judgment of $28,-550.00, the appellant issued a garnishment summons to Union Bank and Trust Company of Oklahoma City, the custodian of the appellee's Individual Retirement Account (IRA). The garnishee bank responded with a claim for exemption, alleging that the IRA was exempt from garnishment under 60 O.S.1981 § 328, and requesting a hearing.

The trial court, over the appellant's objection, ruled that the IRA in question was in fact exempt under "Oklahoma statutory and case law" and granted the claim for exemption. This appeal followed. The appeal was first assigned to the Oklahoma Court of Appeals, Oklahoma City Division, for resolution. Pursuant to Rule 1.204(III) Rules of Appellate Procedure, 12 O.S.1987 Supp., Ch. 15, App. 2, the case was retransferred to this Court because it presents an issue of significant public interest "concerning the applicability of statutory exemptions from execution to Individual Retirement Accounts."

I.

The tax code provision at issue, 26 U.S.C. § 408, makes no prohibition on attachment or garnishment of IRA's. Other jurisdictions addressing similar issues have recognized that creditors are not precluded, by federal law, from reaching these assets. See e.g.: *Bartlett Co-op. Ass'n. v. Patton*, 239 Kan. 628, 722 P.2d 551, 555 (1986). The United States Supreme Court has recognized that exemptions from attachment and garnishment are purely questions of state law. *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 61 S.Ct. 513, 517, 85 L.Ed. 725 (1941). That rule has never been changed.

There can be no question that under 60 O.S.1981 § 327 et seq., an IRA *may* be created which is exempt from the claims of creditors. The IRA *must*, however, conform to certain requirements in order to be so protected. The pertinent portions of Title 60 state:

RETIREMENT, PENSION OR PROFIT SHARING PLAN

§ 326. **Perpetuities and restraints on alienation**

"*No retirement*, pension or profit sharing *plan, qualified for tax exemption* purposes under present or future Acts of Congress, or any trusts, insurance and annuity contracts constituting a part thereof, *shall be construed as violating* the rule or law against perpetuities, or *any rule or law against restraints on alienation;*....

§ 327. **Provisions against alienation or encumbrance**

"*Any such plan*, trust or contract *may provide against* the *alienation or encumbrance* of the interest of any per-

son therein *and further provide that* NO INTEREST THEREIN SHALL BE SUBJECT TO the GARNISHMENT, attachment, execution or the claims of creditors of the persons having an interest therein.

§ 328. **Power to alienate or encumber—Exemption from process and claims**

"*Any person having an interest in any such plan,* trust or contract, containing the provisions [in § 327], or provisions of substantially the same force and effect, *shall have no right to alienate or encumber such right or interest* in any manner contrary thereto, AND THE INTEREST of any such person in any plan, trust or contract, or in any property or any right subject to any such plan, trust or contract, SHALL BE EXEMPT FROM GARNISHMENT, attachment, execution of the claims of creditors." (emphasis added).

Plainly, any IRA or similar plan which conforms to the statutes is protected from the claims of creditors. The narrow question to be answered in this case becomes whether or not the IRA at issue does comport with the statutory requirements.

## II.

■ There are two primary requirements contained in these statutes. First, that the IRA be tax exempt under the current Federal Tax Laws. 60 O.S.1981 § 326. Second, the IRA must contain provisions indicating the parties' intent that the IRA be inalienable and protected. 60 O.S.1981 § 328. Section 327 merely creates the option of declaring an IRA as exempt.

Certain facts relating to the IRA at issue here are undisputed by the parties. First, this, as any other IRA, is a form of trust. See: 26 U.S.C. § 408(a). That trust must meet certain requirements to qualify as a tax exempt IRA.[1] Significantly, the appellants here do not dispute the tax exempt status of this IRA. We can presume therefore, for purposes of this decision, that the first requirement under our statutes is met.[2]

## III.

The IRA instrument at issue is part of the record. Article 9.15 of that instrument is a provision prohibiting the assignment, pledge or alienation of the account and providing that the account is not subject to the claims of creditors. This article meets the requirements of 60 O.S.1981 § 327.

■ The appellant, however, argues that the above provision is a nullity. The appellant states that, despite the language of Article 9.15, because the IRA instrument contains a provision which authorizes the appellee to terminate the IRA and cause the assets to be distributed according to his wishes, it is, in fact, alienable. We disagree with the appellant's definition of alienation.

The common, legal, definition of "alienate" is: "to convey; *to transfer* the *title* to property." *Black's Law Dictionary*, 5th Ed. at 66 (emphasis added). Similarly, "alienability" is defined as "the quality or attribute of being transferrable; ..." Id. Article 9.15 of appellee's IRA specifically states that "*No interest,* right or claim *in or to any part of the Custodial Account* or any payment therefrom *shall be* assign-

---

1. (1) the trustee/custodian of the account must be a bank; (2) no part of the IRA funds may be invested in life insurance contracts; (3) the interest earned must be nonforfeitable; (4) the assets may not be commingled with non-IRA investment funds; (5) the entire interest of the IRA owner must be distributed not later than the taxable year the owner attains the age of 70½. See: 26 U.S.C. § 408(a), subsections (2)–(6).

   Subparagraph (1) of this statute states that all contributions to the account must be in cash, except in the case of a rollover contribution described in subsection (d)(3). The latter sub-

section permits an IRA to be "rolled over", that is: its principal and interest may be paid over to the beneficiary who then must reinvest the funds in another IRA within sixty (60) days of receipt. In that case, the funds maintain their exempt status.

2. We also note that, while the 1986 amendments to the tax code affected the tax treatment of IRA's generally, the provisions relied upon in the resolution of this dispute remain unchanged. See: Pub.L. 99–514, Title XI, § 1123, October 22, 1986, 100 Stat. 2475.

able, *transferrable* or subject to sale, mortgage, pledge, ...." This IRA account, as long as it is maintained, is not alienable.

As appellant points out, the IRA does provide, in Article 9.11(b), that "The Depositor may remove the Custodian or terminate the custodial relationship at any time, and the Custodian shall then deliver the custodial assets as directed by the Depositor." Contrary to appellant's assertions however, this is not an alienation clause. This clause provides only for the termination, or revocation, of the IRA. *Black's* defines "revocation" as: "The recall of some power, authority, or thing granted, ...." To revoke is "to annul or *make void by* recalling or *taking back; ...*" At 1187 (emphasis added). Plainly, once the power in Article 9.11(b) is exercised, the Custodial relationship which constitutes the IRA ceases to exist. It is revoked.

The tax code anticipates the fact that an IRA may be prematurely terminated. At that time, all the assets are considered as having been distributed and are taxable. See: 26 U.S.C. § 408(e)(2)(B). Once the assets of an IRA lose their tax exempt status, they are no longer exempt from the claims of creditors under Oklahoma Law. See: 60 O.S.1981 § 326. The protections afforded by 60 O.S.1981 § 327 and § 328 no longer bar garnishment or attachment.

## IV.

Lastly, the appellant argues that the general trust laws of Oklahoma control whether the IRA is subject to attachment. The crux of appellant's argument is that since an IRA is a trust, and this trust is for the settlor's own benefit, this is a prohibited spendthrift trust under 60 O.S.1981 § 175.25. By definition, because the IRA is established for the settlor's own benefit, it cannot be a spendthrift trust. There is no merit in the appellant's argument. The argument is simply an attempt at renaming this asset in an effort to avoid the protections authorized by the legislature.

Accordingly, the judgment and order of the District Court is AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, SIMMS, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

LAVENDER, J., concurs in result.