**In re Donald Dean WALKER, a/k/a Donald F. Walker, Debtor.**

No. 89–C–1070–C.

United States District Court, N.D. Oklahoma.

June 26, 1990.

**32**

Chris Economou, Kurt G. Glassco, Bond & Glassco, Tulsa, Okl., for debtor.

Thomas Creekmore, Jones Givens, Tulsa, Okl., for trustee.

### ORDER

H. DALE COOK, Chief Judge.

Before the Court is the appeal of the debtor from the Order of the bankruptcy court entered on December 12, 1989, now reported as *In re Walker*, 108 B.R. 769 (Bankr.N.D.Okla.1989). In that Order, the bankruptcy court upheld the objections of the trustee to debtor's claim of exemption in three individual retirement accounts. Debtor appeals.

Generally, all legal or equitable interests of the debtor in property as of the commencement of the case become part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). An express exclusion is contained in § 541(c)(2) which states:

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

The court in *In re Goff*, 706 F.2d 574, 580 (5th Cir.1983) held that Congress intended to exclude only trust funds in the nature of "spendthrift trusts"[1] from the property of the estate. The bankruptcy court below also adopted this holding. 108 B.R. at 773. *Accord, In re Burns*, 108 B.R. 308, 312 (Bankr.W.D.Okla.1989). The court below went on to conclude that the IRA accounts involved here were "self-settled" (*i.e.*, created by the debtor himself) and thus not genuine spendthrift trusts. The court below noted the decision of the Oklahoma Supreme Court in *Greening Donald Co., Ltd. v. Oklahoma Wire Rope Products, Inc.*, 766 P.2d 970, 973 (Okla.1988) which specifically adopted this interpretation but took a broad view of protection of a participant's interest in such an account. However, the bankruptcy court concluded that

---

1. A "spendthrift trust" is a trust created to provide a fund for the maintenance of the beneficiary, and at the same time to secure it against his improvidence or incapacity. *Newell v.*

*Tubbs,* 103 Colo. 224, 84 P.2d 820, 821 (1938). *See also In re Moody,* 837 F.2d 719, 723 (5th Cir.1988).

the Oklahoma Supreme Court could not have meant what it said. The bankruptcy court found that the debtor's interest was not excluded under § 541(c)(2). Inasmuch as an IRA is not a spendthrift trust, this Court agrees.

Next, the bankruptcy court considered whether the funds were exempt. The Bankruptcy Code provides for both a federal and state exemption scheme. The states may "opt out" of the federal scheme and use their own state scheme. 11 U.S.C. § 522(b)(1). Oklahoma has opted out of the federal scheme. *See* 31 O.S. § 1(B). The bankruptcy court noted that 31 O.S. § 1(A)(20) specifically exempts IRAs. However, the court went on to conclude that the statute represents an unconstitutional impairment of contract as to debts incurred prior to the effective date of the statute, that being April 16, 1987, relying upon its analysis in *In re Garrison*, 108 B.R. 760 (Bankr.N.D.Okla.1989). It is undisputed that most of the debtor's debts were incurred in 1984.

■ It is true that the Contracts Clause is not to be interpreted literally, but that its primary focus was upon legislation that was designed to repudiate or adjust pre-existing debtor-creditor relationships that obligors were unable to satisfy. *Keystone Bituminous Coal Ass'n. v. DeBenedictis*, 480 U.S. 470, 502–03, 107 S.Ct. 1232, 1251, 94 L.Ed.2d 472 (1987). One treatise states the following:

> In determining whether a state law affecting an individual's ability to carry out obligations under contract is an improper impairment of contract, the court must go through a three step analytical process. First, the court must ask whether the state law has "operated as a substantial impairment of a contractual relationship." ...
>
> If a state law does constitute a substantial impairment of rights and obligations in private contracts, the court, in the second step of its inquiry, must ask whether the state law is designed to promote a significant and legitimate public purpose. ...

> In the third step of the inquiry, the court must determine whether the law adjusting the contract obligations and rights was a reasonable and narrowly tailored means of promoting the significant public purpose identified in step two of the inquiry rather than an unjustifiable attempt to merely change the obligation of parties to a private contract.
>
> R. Rotunda, J. Novak & J. Young, *Treatise on Constitutional Law: Substance and Procedure*, § 15.8 at 102 (1986).

These three steps are also reflected in *Energy Reserves Group, Inc. v. The Kansas Power and Light Company*, 459 U.S. 400, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983). This Court finds highly persuasive the analysis set forth in *In re Punke*, 68 B.R. 936 (Bankr.N.D.Iowa 1987) in which that court upheld an increase in the Iowa exemption for farm machinery and equipment against constitutional challenge. The *Punke* court reasoned that creditors' reasonable expectations had not been substantially impaired because of the long history behind Iowa exemption regulation. Oklahoma too has such a history. 31 O.S. § 1(A)(20) was apparently passed in response to the bankruptcy court's decision in *In re Goldberg*, 59 B.R. 201 (Bankr.N.D.Okla.1986), holding that Keogh plans are not excluded from the property of a bankruptcy estate and are not exempt. The court in *Goldberg* took a narrow view of the exemption in 60 O.S. § 328. The debts involved herein were incurred prior to the *Goldberg* decision. The debts were thus incurred under the broad view of exemption which has now been legislatively restored. No substantial impairment has occurred.

Further, the legislation in question is designed to promote a significant and legitimate public purpose. The exemption laws are intended for the protection of the family. *Anderson v. Canaday*, 37 Okl. 171, 131 P. 697, 698 (1913). Clearly, this is a proper exercise of the state's police power.

■ Finally, this Court finds that the statute was reasonable and narrowly tailored to accomplish its purpose. Exemption statutes are to be liberally construed.

*Phelan v. Lacey,* 51 Okl. 393, 151 P. 1070, 1071 (1915). Unless the state itself is a contracting party, courts properly defer to legislative judgment as to necessity and reasonableness. *Energy Reserves Group,* 459 U.S. at 412–13, 103 S.Ct. at 705. For all these reasons, the Court disagrees with the bankruptcy court's conclusion of unconstitutionality.

■ One final issue must be addressed. The court below expressly found that these retirement annuities were "non-ERISA-qualified plans." 108 B.R. at 773. Nevertheless, appellee argues that the Oklahoma statute is preempted by ERISA. This Court adopts the contrary conclusion in the Court below, 108 B.R. at 775, and in *In re Ridgway,* 108 B.R. 294, 296 (Bankr. N.D.Okla.1989) and rejects appellee's argument.

It is the Order of the Court that the Order of the bankruptcy court is hereby reversed. The trustee's Objection to Debtor's Claim of exemption is denied.

IT IS SO ORDERED.